UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC J. BROWN, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v.  § | Civil Action |
| § | No. SA-15-CA-497-XR |
| WILLIAM STEPHENS, § | |
| Texas Department of Criminal Justice § | |
| Correctional Institutions Division Director, § | |
| § | |
| *Respondent*. § | |

# D I S M I S S A L   O R D E R

Before the Court is Petitioner Eric J. Brown's 28 U.S.C. § 2254 Habeas Corpus Petition. After careful consideration the Court dismisses the petition.

## I.

In 2009, Brown pleaded *nolo contendere* in Wilson County to aggravated kidnapping and aggravated assault with a deadly weapon causing serious bodily injury against a family member, and was sentenced to concurrent fifty year sentences in *State v. Brown*, No. 8-11-222-CRW (Tex. 218th Jud. Dist. Ct., *jmt. entered* April 22, 2009). Brown's pro se appeal was dismissed September 16, 2009, because it was a plea-bargain case and the trial judge did not certify the case for appeal as required by Texas procedure. *Brown v. State*, No. 4-9-292-CR (Tex. 4th Ct. App.). Brown filed a State habeas corpus application on January 12, 2015 challenging his convictions, that was denied March 11, 2015. *Ex parte Brown*, No. 82,904-1.

Brown's § 2254 Petition challenges these convictions contending: the trial judge in his case was the same judge that presided over his divorce case and was biased against him; the indictment was void; his counsel was ineffective for coercing him to plead nolo contendere, failing to admonish


him of the consequences of his plea, being under the influence of drugs and alcohol, and failing to provide him reasonably competent advice.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Generally before dismissal this Court would enter a show cause order advising the petitioner of the deficiency of his Petition and give the petitioner an opportunity to amend. However, Brown's Petition is barred by limitations and fails to present a basis for habeas corpus relief for multiple reasons that no amendment could cure. Thus entering such a show cause order in this case is unnecessary. The Court will therefore dismiss Brown's Petition for the below reasons.

- A -

"[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Brown's conviction became final December 15, 2009 when his time for seeking discretionary review with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing such a petition must be filed within thirty days following the court of appeals judgment). There was more then a five year and five month interval between the time Brown's conviction became final and the filing of his § 2254 Petition on June 8, 2015. As five years and five months is far longer than the one year limitations period Brown had to file his petition, Brown's Petition is untimely. *See* § 2254(d).

Further, Brown's State habeas corpus application did not toll limitations because it was filed long after limitations expired. *See* 28 U.S.C. § 2244(d)(2). Lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Brown does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence

and fails to assert any other basis for excusing his failure to timely file his federal Petition. Brown's federal Petition is barred by § 2244(d)(1) because it was filed after the limitations period expired.

**- B -**

Brown's Petition is also dismissed because the record shows Brown's *nolo contendre* plea was knowing and voluntary, and his other claims were waived pursuant to his nolo plea.

In the state trial court's Written Plea Admonishments, *Ex parte Brown*, 82,904-1 at 87-89, signed by Brown, he acknowledged he understood: (1) he was charged with aggravated kidnapping and aggravated assault with a deadly weapon; (2) he faced a potential sentence of five to 99 years to life; (3) he wished to plead because he was in fact guilty; (4) he was competent and his plea was freely given and voluntary; and (5) he had the right to trial by jury and was waiving this right. Pursuant to the plea agreement Brown signed, *id.* at 90, he agreed to plead *nolo contendere* to aggravated kidnaping and aggravated assault as alleged in the indictment, and the parties agreed to a recommended sentence of no more than fifty years. In the Written Waiver and Consent to Stipulations and Stipulations, *id.* at 93-96, Brown confessed and admitted that he committed aggravated kidnaping and aggravated assault as alleged in the indictment, i.e. on April 3, 2008 he abducted Faye Brown without her consent with intent to inflict bodily injury and held her against her will with the intent to violate or sexually abuse her.

Brown was sentenced to concurrent fifty year sentences in conformance with the plea agreement. The plea documents executed by Brown are prima facie proof of the matters recited therein. They show his nolo plea was knowing and voluntary, and his conclusory allegations are not sufficient to overcome the strong presumption of verity that attaches to his sworn declarations accompanying his plea. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) ("[R]epresentations of the defendant, his lawyer, and the prosecutor at [a guilty plea]

hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral proceedings."); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

The state trial court concluded Brown's plea was knowing and voluntary. Brown failed to introduce evidence sufficient to overcome the presumption of correctness of § 2254(e)(1) applicable to the State court's determination that his guilty plea was knowing and voluntary in this or any previous proceeding. *See Parke v. Raley*, 506 U.S. 20, 35-37, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992) (§ 2254's presumption of correctness applies to state court's determination guilty plea was knowing and voluntary). A valid plea waives all pre-conviction non-jurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Therefore, because the record shows Brown's plea was knowing and voluntary, Brown's ineffective counsel claims and other claims based on matters prior to his plea were waived pursuant to his guilty plea. *See id.*

Furthermore, Brown's § 2254 Petition is conclusory. Brown fails to allege facts that would support his claim the trial judge was biased, the indictment was void, his counsel was deficient, or that he was prejudiced by counsel's performance. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

The State court's denial of Brown's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Ex parte Brown*, No. 82,904-1; therefore this Court is compelled to reach the same conclusion that Brown's Petition is without legal or factual merit and must be denied.

- C -

Because Brown failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing.  *See* 28 U.S.C. § 2254(e)(2).  Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: (1) he failed to allege a basis for relief, (2) he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d at 444, or (3) the petition is limited to allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F.3d 255, 258-59 (5th Cir. 1994).  Brown is not entitled to habeas relief or a hearing on his Petition because his claims are barred by limitations, were waived pursuant to his plea, and are conclusory or without legal merit.

### III.

Rule 4 Governing § 2254 Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Accordingly, Petitioner Brown's § 2254 Petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE.**  All other pending motions are **DENIED** as moot.  Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

**DATED**: June    30         , 2015

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE